UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRONTIS BRAXTON,

                        Plaintiff,          **AMENDED COMPLAINT AND JURY DEMAND**

    -against-

                                                        16 CV 5164-WFK-SMG

THE CITY OF NEW YORK, Police Officer Brian Hellberg, Shield No. 8253, Police Officer Mark Xylas Shield No. 11251, Police Officer Ross Garner, Sergeant Michael Miller, Det. William Reddin,

                        Defendants.
------------------------------------------------------------X

      The Plaintiff, FRONTIS BRAXTON, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution and under the common law of New York State, against the police officers mentioned above in their individual capacities, and against the City of New York.

      2.    It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, used excessive force on him, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and the common law of New York State.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

5. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

6. Plaintiff FRONTIS BRAXTON ("plaintiff" or "Mr. Braxton") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Brian Hellberg, Shield No. 8253 ("Hellberg"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hellberg is sued in his individual and official capacities.

2

9. Defendant Hellberg at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

10. Defendant Police Officer Mark Xylas Shield No. 11251 ("Xylas"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Xylas is sued in his individual and official capacities.

11. Defendant Xylas at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

12. Defendant Police Officer Ross Garner ("Garner"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Garner is sued in his individual and official capacities.

13. Defendant Garner at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

14. Defendant Sergeant Michael Miller, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Miller is sued in his individual and official capacities.

15. Defendant Miller at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

16. Defendant Detective William Reddin, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Reddin is sued in his individual and official capacities.

17. Defendant Reddin at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

18. At all times relevant herein, all individual defendants were acting under color of state law.

19. The City was at all material times the public employer of defendant officers named herein.

20. The City is responsible for the actions of the individual defendants under the theory of respondeat superior.

## FACTUAL ALLEGATIONS

21. Mr. Braxton is an African-American male.

22. On or about June 18, 2015, at approximately 8:30 pm, Mr. Braxton had left a funeral of a neighbor with some friends and had stopped by a liquor store.

23. Mr. Braxton purchased a bottle of liquor while his friends waited outside.

24. When he got outside several unmarked police cars stopped and several officers in plainclothes got out of their vehicles, including defendants Hellberg, Xylas, Garner and Miller.

25. At no time did Mr. Braxton open the bottle of liquor.

26. Three of the defendant officers, including, upon information and belief, defendants Hellberg, Xylas, Garner and Miller, approached plaintiff and one of the defendants handcuffed him behind his back.

27. Mr. Braxton was placed in a vehicle for around twenty minutes before the officers returned to the vehicle and claimed that they found a gun in a bag that they claimed belonged to plaintiff.

28. At no time did the defendants ever observe Mr. Braxton in possession of a gun.

29. The defendants took Mr. Braxton to the precinct.

30. He was placed in the cell by one of the defendants who plaintiff believed was his arresting officer and who was a Caucasian male with long black silky hair that was tied in a ponytail.

31. That defendant pushed Mr. Braxton into the cell with such force that Mr. Braxton hit his head against the wall and caused him to sustain a knot that ultimately left a permanent scar.

32. At the precinct, the Defendants, including defendant Reddin falsely informed members of the Kings County District Attorney's Office that they had observed Plaintiff in possession of a gun.

33. After spending several hours in a cell in the precinct, Mr. Braxton was transported to Central Booking where he remained for several more hours.

34. The assigned prosecutor thereafter incorporated defendant Xylas's false accusations against Plaintiff in the complaint, which defendant Hellberg signed.

35. All charges against Plaintiff were false.

36. When he appeared before a judge, the judge set bail which Mr. Braxton could not post.

37. As a result, he was remanded to Rikers Island where he remained for several days.

38. Mr. Braxton then testified before a grand jury.

39. The grand jury returned a no true bill and refused to indict Mr. Braxton.

40. The charges against Plaintiff were dismissed and sealed.

41. As a result of the Defendants' actions, Plaintiff suffered loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

42. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

43. All of the above was done in violation of federal and state law.

44. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

    i. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

    ii. Loss of his physical liberty;

45. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

    i. Freedom from the unreasonable seizure of his person;

    ii. Freedom from the excessive use of force.

## FIRST CLAIM
## Federal False Arrest

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Federal Malicious Prosecution

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution

under the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.

52. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

53. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### THIRD CLAIM
### Unreasonable Force

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## Denial Of Constitutional Right To Fair Trial

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. The individual defendants created false evidence against Plaintiff.

59. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

60. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Failure To Intervene

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64. Accordingly, the defendants who failed to intervene violated the Fourth, and Fourteenth Amendments.

9

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law False Imprisonment and False Arrest

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

68. Plaintiff was conscious of his confinement.

69. Plaintiff did not consent to his confinement.

70. Plaintiff's confinement was not otherwise privileged.

71. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### State Law Malicious Prosecution

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

75. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct.

Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

76. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

77. All charges were terminated in plaintiff's favor.

78. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

79. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
## State Law Assault and Battery

80. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

81. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

82. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:   February 9, 2017
         Brooklyn, New York

_____
Afsaan Saleem, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
saleemlawny@gmail.com
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:   All Defendants
      Corporation Counsel of the City of New York